UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRI-STATE MOTORPLEX, LTD, INC.
a/k/a OMEGA NA,

           Plaintiff,

           v.

APEX MORTGAGE CORP., et al.,

           Defendants.

Civil Action No. 19-16256 (MAS) (ZNQ)

**MEMORANDUM ORDER**

      This matter comes before the Court upon Defendants Chad Crews, Jennifer Alonso, and Replacement Parts, Inc.'s[1] ("Moving Defendants") Motion to Dismiss Plaintiff Tri-State Motorplex, Ltd., Inc. a/k/a Omega NA's ("Plaintiff") Complaint. (ECF No. 14.) Plaintiff filed opposition to Moving Defendants' Motion. (ECF No. 15.)

      Federal Rule of Civil Procedure 12(b) provides that a party may assert the following defenses in a responsive pleading or by motion: "(1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Fed. R. Civ. P. 12(b). Moving Defendants request dismissal "on the grounds that we bought this through the sheriff of Somerset County sale with no wrongful or improper intentions intended." (Moving Defs.' Correspondence *1,[2] ECF No. 14-1.) Moving Defendants,

---

[1] A corporation may only appear through counsel. *Rowland v. Ca. Men's Colony*, 506 U.S. 194, 202 (1993). Accordingly, any further pleadings on behalf of Replacement Auto Parts, Inc. must be submitted though counsel.

[2] Page numbers preceded by an asterisk refer to the page number on the ECF header.

accordingly, failed to raise an appropriate defense pursuant to Rule 12(b).[3] The Court, consequently, finds good cause to deny Moving Defendants' Motion. Based on the foregoing, and for other good cause shown,

**IT IS** on this 28th day of September 2020, **ORDERED** that the Moving Defendants' Motion (ECF No. 14) is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] Moving Defendants also failed to comply with Local Civil Rules 7.1 and 7.2, which set forth the requirements for filing a motion in the United States District Court for the District of New Jersey. *See* L. Civ. R. 7.1(d)(1); *see also Roy v. Ramsey Moving Sys.*, No. 15-3330, 2016 WL 1163932, at *4 n.2 (D.N.J. Mar. 23, 2016) ("[A] cross-motion contain[ing] no legal argument and . . . unaccompanied by a separate brief or statement that no brief [is] necessary . . . violates [Local Civil Rule] 7.1(d) and may be denied on that basis alone.").