UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRI-STATE MOTORPLEX, LTD, INC., <br><br> Plaintiff, <br><br> v. <br><br> APEX MORTGAGE CORP., et al., <br><br> Defendants. | Civil Action No. 19-16256 (MAS) (ZNQ) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court upon Defendant Apex Mortgage Corp.'s ("Defendant") Cross-Motion to Dismiss Plaintiff Tri-State Motorplex, LTD, Inc.'s ("Plaintiff") Complaint. (ECF No. 12-31.) Plaintiff opposed Defendant's Cross-Motion. (ECF No. 13.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.[1]

Defendant makes three arguments in favor of its cross-motion. First, Defendant argues that under New Jersey law, Plaintiff may not maintain the instant action because (1) its Nevada corporate charter had been revoked in 2017 and (2) it had not registered itself to do business in New Jersey. (Def.'s Moving Br. 12, ECF No. 12-30.) Defendant cites to N.J. Stat. Ann. §§ 14A:13-11 and 13-20 in support of this argument. (*Id.*) The first statute states that "[n]o foreign corporation transacting business in [New Jersey] without a certificate of authority shall maintain any action or proceeding in any court of [New Jersey] until such corporation shall have obtained a certificate of authority." N.J. Stat. Ann. § 14A:13-11. The second states that "[n]o foreign

---

[1] The underlying facts of the matter are set forth in the Court's previous decision and will not be repeated herein. (*See* Mar. 31, 2020 Mem. Op. 1–2, ECF No. 17.)

corporation carrying on any activity" in New Jersey "which has not obtained a certificate of authority to do business in" New Jersey "shall maintain any action or proceeding in any State or Federal court in New Jersey, until such corporation shall have filed a timely notice of business activities report." N.J. Stat. Ann. § 14A:13-20. In opposition, Plaintiff asserts that "[c]orporate filing deficiencies are always curable by filing the back forms and paying the necessary taxes and fees before the return date of a filed motion to dismiss." (Pl.'s Opp'n Br. 10, ECF No. 13 (citations omitted).) Plaintiff maintains that its corporate filings are now up to date in both New Jersey and Nevada and provides the Court with an August 21, 2019 New Jersey Certificate of Authority. (Samuel M. Ornstein Reply Certif. ("Ornstein Certif.") ¶ 54, ECF No. 13-1; *see also* Tri-State Certif. of Auth. *70,[2] Ex. L to Ornstein Certif., ECF No. 13-4.)

The district court in *Clyde Associates, LLC v. McKesson Corp.*, No. 19-21933, 2020 WL 7778067, at *3 (D.N.J. Dec. 31, 2020), recently addressed these competing arguments and noted that "[a] survey of the sparse caselaw on this issue reveals some New Jersey courts have allowed a plaintiff to cure a certificate of authority deficiency and others have not." The court held that, without a "clear indication" that the plaintiff was barred from maintaining its action after it had acquired its certificate of authority, it would "follow the practice of those courts that have permitted plaintiffs to cure the deficiency during the pendency of the litigation." *Id.* at *4. Here, the Court will do the same and, accordingly, denies Defendant's Cross-Motion to Dismiss on this ground.

Second, Defendant argues that "it appears Plaintiff is making a claim arising from other property in Unit R that was owned by third parties[.]" (Def.'s Moving Br. 12.) According to Defendant, "Plaintiff[, however,] has not demonstrated or even alleged that it has standing to assert

---

[2] Page numbers preceded by an asterisk refer to the page number of the ECF header.

2

the purported rights of these third parties." (*Id.*) Nevertheless, Defendant provides no legal authority in support of its argument.[3] Moreover, Defendant concedes that "it is not clear" whether Plaintiff is even asserting such a claim. (*Id.*) The Court, accordingly, will deny Defendant's Cross-Motion to Dismiss on this ground.

Finally, Defendant notes that although Plaintiff has asserted claims for conversion and replevin, it failed to join the "Sheriff of Somerset County [(the 'Sheriff')] as a defendant despite the fact that the Sheriff prepared the final inventory of the property to be sold, levied on all of the property, executed the levy, and held a purportedly improper sheriff's sale." (*Id.* at 13.) Moreover, although it denies Plaintiff's allegations that the sheriff's sale was improper, Defendant maintains that, to the extent it was improper, "liability (if any) would rest with the [S]heriff, not [Defendant]. The absence of the [S]heriff as a party[, therefore,] precludes [Defendant] from making this argument." (*Id.*) Defendant, accordingly, argues that Plaintiff has failed to join an indispensable party and, therefore, the instant action should be dismissed. (*Id.* at 12–13.) Plaintiff asserts that the "Sheriff is not an indispensable party . . . because the personal property over which replevin is sought is in the possession of Defendant[] and the Sheriff will only become an indispensable party if it is determined that the personal property cannot be recovered." (Pl.'s Opp'n Br. 11.)

Rule 12(b)(7) provides for the dismissal of a pleading that "fail[s] to join a party under Rule 19." A Rule 12(b)(7) motion to dismiss must be resolved according to the "two step procedure" set forth in Rule 19. *Schulman v. J.P. Morgan Inv. Mgmt., Inc.*, 35 F.3d 799, 805 (3d Cir. 1994). At step one, the Court asks whether the omitted party is necessary because:

---

[3] For its part, Plaintiff asserts it "has standing to seek return of [the] third-parties' goods, which were left in its care to protect [Plaintiff] from liability to the third-parties for loss of the goods." (Pl.'s Opp'n Br. 11.) Nonetheless, the Court declines to further examine Defendant's conclusory arguments on this issue.

3

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>    (i)   as a practical matter impair or impede the person's ability to protect the interest; or
>    (ii)  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If the party is necessary under step one, the Court proceeds with the indispensability inquiry prescribed by Rule 19(b). *Gen. Refractories Co. v. First State Ins.*, 500 F.3d 306, 312 (3d Cir. 2007). The moving party must demonstrate that a party is both necessary and indispensable under Rule 19 and, as such, must be joined in the action. *Am. Home Mortg. Corp. v. First Am. Title Ins.*, No. 07-1257, 2007 WL 3349320, at *3 (D.N.J. Nov. 9, 2007).

Here, Defendant does not argue that, without the Sheriff's joinder, the Court cannot provide complete relief. (*See generally* Def.'s Moving Br. 12–13.) Nor does Defendant assert that disposing of the instant matter would impair or impede any of the Sheriff's interests that relate to the action. (*Id.*) Rather, Defendant contends that, without the Sheriff's joinder, it is precluded from arguing that the Sheriff—and not Defendant—is liable for the allegedly improper sale of Plaintiff's property. (*Id.* at 13.) To the extent that this argument can be construed as asserting a risk of "double, multiple, or otherwise inconsistent obligations," the Court is unpersuaded by Defendant's argument. Moreover, if there are any such risks, Defendant is free to demand contribution from the Sheriff. *See Zelaskowski v. Johns-Manville, Corp.*, 578 F. Supp. 11, 17 (D.N.J. 1983) (finding that a plaintiff "clearly has a right to drop claims against a joint tortfeasor" and that, if the remaining defendants sought to bring claims against that joint tortfeasor, they were entitled to seek contribution). The Court, therefore, finds that Defendant has failed to meet its burden of

demonstrating the omission of a necessary party under Rule 19. In light of this finding, there is no need to consider whether the Sheriff is indispensable under step two of the Rule 19 analysis.

Accordingly, for the reasons set forth above, and for other good cause shown,

**IT IS** on this 5th day of March 2021, **ORDERED** that:

1. Defendant's Cross-Motion to Dismiss (ECF No. 12-31) is **DENIED**.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**